**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4397-17T1

DIANE J. KECHEJIAN and
GREGORY KECHEJIAN,
her spouse,

     Plaintiffs-Appellants,

v.

WANAQUE RESERVE
CONDOMINIUM ASSOCIATION,
INC., FIRST SERVICE
RESIDENTIAL MIDATLANTIC,
LLC, LAN EXTERIOR CONSULTING,
LLC a/k/a LAN EXTERIORS, TICO'S
LANDSCAPING, and TICO'S
LAWN CARE, LLC,

     Defendants-Respondents,

and

LAN EXTERIOR CONSULTING,
LLC, a/k/a LAN EXTERIORS,

     Third-Party Plaintiff,

v.

TICO'S LANDSCAPING,
TICO'S LAWN CARE, LLC,
and PLANNED SECURITY

SERVICES, INC.,

    Third-Party Defendants-
    Respondents.
_____

Argued June 5, 2019 – Decided August 21, 2019

Before Judges Nugent and Reisner.

On appeal from the Superior Court of New Jersey, Law
Division, Passaic County, Docket No. L-2085-16.

Lisa A. Lehrer argued the cause for appellants (Davis,
Saperstein & Salomon, PC, attorneys; Lisa A. Lehrer,
of counsel and on the brief; David A. Drescher, on the
brief).

Joao M. Sapata argued the cause for respondents
Wanaque Reserve Condominium Association, Inc. and
First Service Residential MidAtlantic, LLC (Tango,
Dickinson, Lorenzo, McDermott & McGee, LLP,
attorneys; Joao M. Sapata, on the brief).

Thomas E. Emala argued the cause for respondent
Planned Security Services, Inc. (McGivney, Kluger &
Cook, PC, attorneys; William D. Sanders and Emily R.
Weisslitz, of counsel and on the brief; Thomas E.
Emala, on the brief).

PER CURIAM

Plaintiff Diane J. Kechejian, a unit owner of a condominium in the

Wanaque Reserve Condominium complex, appeals the summary judgment

dismissal of her personal injury action, which arose when she slipped and fell in

a common area of the complex.[1]   She also appeals an interim order that denied her cross-motion to file a fourth amended complaint and add an additional defendant.

Defendant Wanaque Reserve Condominium Association, Inc.'s by-laws immunize the Association from liability to unit owners for bodily injury occurring on the Association's common elements.  The relevant by-law excepts cases of bodily injury caused by the Association's willful, wanton, or grossly negligent acts.  The trial court granted the Association's summary judgment motion after determining the evidence on the motion record did not establish a triable issue as to whether the Association acted in a grossly negligent, willful, or wanton manner.  Finding no error in the trial court's decision, and finding no abuse of discretion in the trial court's denial of plaintiff's cross-motion to amend the complaint, we affirm.

---

[1]  Gregory Kechejian alleged in the complaint he had been deprived of the services and consortium of his wife, Diane J. Kechejian.  Because his claim is derivative, and for ease of reference, in this opinion we refer to Diane J. Kechejian as plaintiff.

A-4397-17T1

I.

A.

This action's history is relevant to the procedural issue plaintiff argues on appeal. Plaintiff fell and was injured on June 18, 2015, and commenced this action a year later, on June 9, 2016. The complaint named as defendants the Association; its management company, FirstService Residential New York, Inc. (FirstService); and its landscape and snow removal contractor, Lan Exterior Consulting, LLC (Lan). The complaint also named a number of fictitious persons and entities. Upon the complaint's filing, the trial court issued a track assignment notice that fixed 300 days for discovery.

During discovery, plaintiff amended her complaint three times: first to correct a party's name, next to add an allegation the Association was grossly negligent, and last to add Lan's snow removal subcontractor, Tico's Lawn Care Limited Liability Company (Tico), as a defendant. One and one-half years after the action commenced, Lan filed a motion to file a third-party complaint against the Association's security company, Planned Security Services, Inc. (Planned Security). Plaintiff cross-moved to file a fourth amended complaint to substitute Planned Security for a fictitiously named defendant. Plaintiff filed the cross-motion on December 27, 2017, and it was returnable January 5, 2018. The

A-4397-17T1

discovery end date was February 27, 2018, and arbitration was scheduled for March 9, 2018.

The trial court denied both motions. Acknowledging that motions to amend pleadings are to be liberally granted, the court determined that granting the motion when the parties already had more than 500 days of discovery would unduly delay the action's resolution. The order denying the motions was dated February 8, 2018.

Meanwhile, on February 2, 2018, plaintiff had filed a motion to re-open and extend discovery and to adjourn the March 9, 2018 arbitration. Plaintiff's liability expert had died. Lan filed a cross-motion in which it argued that if the court granted plaintiff's motion to extend discovery, the court should reconsider its decision denying Lan's motion to file a third-party complaint against Planned Security. Plaintiff, however, neither filed a motion to implead Planned Security nor asked for reconsideration of its previously denied cross-motion.

On March 8, 2018, the court granted plaintiff's motion to re-open discovery. The court extended discovery through May 1, 2018. In the same order, the court cancelled the scheduled arbitration, set deadlines for additional expert reports, and fixed the trial date as May 14, 2018. The court granted Lan's motion to file a third-party complaint against Planned Security.

The case was not tried. The Association and the other defendants filed summary judgment motions.[2] On April 23, 2018, the trial court granted summary judgment to the Association and FirstService. The court dismissed the complaint and all cross-claims against those entities. This appeal followed.

B.

Construed in the light most favorable to plaintiff as the non-moving party, Petro-Lubricant Testing Labs., Inc. v. Adelman, 233 N.J. 236, 256 (2018), the motion establishes the following material facts. Plaintiff and her husband owned a unit in the condominium complex operated by the Association. The condominium complex was an "over [fifty-five] planned community." Unit owners were permitted to have pets and the condominium development included certain areas where owners could walk their dogs.

The Association's by-laws included the following immunity provision:

> Article XVI. Tort Immunity
>
> In accordance with N.J.S.A. 2A:62A-13, the Association will not be liable in any civil action brought by or on behalf of the Unit Owner to respond to damages as a result of bodily injury to the Unit Owner occurring on the Association's Common Elements. This grant of immunity from liability will not

---

[2] Plaintiff has not appealed the summary judgment dismissal of its complaint against Lan and Tico.

A-4397-17T1

be effective if the Association causes bodily injury to the Unit Owner on the premises by its willful, wanton or grossly negligent act of commission or omission.

Plaintiff's accident occurred at approximately 8:45 a.m. on Sunday, January 18, 2015. Plaintiff had exited her building's parking garage and begun to walk on the driveway when she slipped and fell on ice.

The Association had contracted with Lan to perform snow and ice removal. Lan subcontracted the snow removal to Tico's Lawn Care. Because no managerial or maintenance personnel are on site during weekends, "it is up to the security guard at the gate entrance to the property to contact the snow removal contractor if necessary."

Security guard personnel are stationed in a gatehouse at the entrance to the condominium development. The guards do not walk the property. Rather, they remain at the gatehouse, which is not near the area where plaintiff fell.

On a weekend, if a security guard decided it was necessary to contact the snow removal contractor, the guard would call a Lan supervisor. Lan would not perform snow or ice removal at the condominium complex unless the security guard first notified LAN that such work was needed.

According to an expert meteorologist's report, the following weather conditions were relevant to plaintiff's fall:

A-4397-17T1

On January 18, 2015, no snow or ice cover was present at the start of the day (midnight). Precipitation in the form of freezing rain and/or sleet fell frequently from around 7:46-8:00 AM EST to 3:00-4:00 PM EST. After 3:00-4:00 PM EST, precipitation fell frequently in the form of rain to around 6:25-7:10 PM EST and then intermittently to around 7:55-8:40 PM EST. Approximately 0.2 inch of ice accumulated on this day. Due to melting and compaction, a trace (less than 0.1 inch) or patches of ice cover was present at the end of the day. The high temperature was near 35 F and the low temperature was near 19 F.

The Association's employee who was responsible for property management was on vacation in another state on the day plaintiff fell. Nevertheless, at 10:14 a.m., she emailed Lan and inquired where they were. She "was advised that Lan was still three hours away."

Lan's president testified at depositions that Lan would notify Tico's if Lan received notification from a guard at the condominium's gatehouse that snow removal services were necessary. According to the deposition testimony of a Lan representative, Lan telephoned Tico's at 4:17 p.m. on the date of plaintiff's accident.

## II.

Plaintiff first contends the trial court erred by granting summary judgment to the Association and FirstService because the factual record established a prima facie case of gross negligence. Plaintiff adds that the trial court

8

improperly relied upon unpublished and distinguishable case law in reaching its decision, and improperly drew conclusions concerning the motives of the Association and FirstService.

We need not address plaintiff's contentions about the trial court improperly relying upon unpublished case law and motive evidence, because our review of an order granting summary judgment is de novo. Appellate courts "review[] an order granting summary judgment in accordance with the same standard as the motion judge." Bhagat v. Bhagat, 217 N.J. 22, 38 (2014) (citations omitted). Our function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)); accord, R. 4:46-2(c). We view competent evidential materials presented in the light most favorable to the non-moving party. R. 4:46-2(c); Brill, 142 N.J. at 540. A trial court's determination that a party is entitled to summary judgment as a matter of law is not entitled to any "special deference," and is subject to de novo review. Cypress Point Condo. Ass'n, Inc. v. Adria Towers, L.L.C., 226 N.J. 403, 415 (2016) (citation omitted).

With that standard in mind, we turn to the primary issue: whether plaintiff established a prima facie case of gross negligence. We conclude she did not.

"The tort of gross negligence falls on a continuum between ordinary negligence and recklessness, a continuum that extends onward to intentional conduct." Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 363 (2016) (citing Introductory Notes, Model Jury Charge (Civil) § 5.12 "Gross Negligence" (approved Feb. 2004))

. Thus, "[w]hereas negligence is 'the failure to exercise ordinary or reasonable care' that leads to a natural and probable injury, gross negligence is 'the failure to exercise slight care or diligence.'" Id. at 364 (quoting Introductory Notes, Model Jury Charge (Civil) § 5.12 "Gross Negligence" (approved Feb. 2004)). Gross negligence is more than inattention or mistaken judgment. Ibid.

Contrary to plaintiff's argument, the motion record does not demonstrate that Wanaque and FirstService failed to exercise "slight care or diligence." The Association had a snow and ice removal company under contract to provide services as necessary. The Association also had a procedure in place whereby its security guards would notify the snow removal contractor if the services of the latter were needed. Moreover, on the day of plaintiff's accident, the freezing rain or sleet did not begin to fall until about 7:45 or 8:00 a.m., one hour or less

before plaintiff fell. Additionally, the precipitation in the form of sleet or rain continued to fall until 3:00 in the afternoon or later. Even if the security guard had notified Lan the instant precipitation began to fall, it is questionable whether Lan could have responded and reached the specific area where plaintiff fell within an hour. It is also questionable in view of the continuously falling precipitation whether Lan's services would have prevented the condominium driveway from being slippery.

Plaintiff emphasizes certain events that occurred after she fell, including conflicting evidence about when the security guard notified the snow removal contractor. Those events, however, could not have proximately caused plaintiff's accident.

In view of the systems the Association had in place to address snow and ice on its premises when required, and given the timeline between the onset of precipitation and plaintiff's fall, the record does not demonstrate, as plaintiff argues, that the Association and FirstService failed to exercise slight care or diligence, that is, they were grossly negligent. Plaintiff did not establish a triable issue of gross negligence. Accordingly, we affirm the grant of summary judgment.

11

## III.

Except for the following brief comments, plaintiff's second argument—the trial court erred in denying its motion to file a fourth amended complaint to add Planned Security —is without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

We review a trial court's grant or denial of a motion to amend a complaint for abuse of discretion. Kernan v. One Wash. Park Urban Renewal Assocs., 154 N.J. 437, 457 (1998). The trial court did not abuse its discretion when it initially denied plaintiff's motion to file yet a fourth amended complaint as the extended discovery end date neared. Adding another party would have unduly prolonged resolution of the matter.

Plaintiff criticizes the trial court for granting Lan's subsequent motion to file a third-party complaint and not permitting her to file a fourth amended complaint. The argument is without merit. Plaintiff never filed a motion for reconsideration after discovery was extended so that she could retain a new expert. Presumably the court would have granted plaintiff's motion had she filed it. It is fundamental that "[a]n application to the court for an order shall be by motion[.]" R. 1:6-2(a). Here, when circumstances changed, unlike Lan, plaintiff did not apply to the court to amend its complaint by filing a motion. The trial

A-4397-17T1

court can hardly be accused of abusing its discretion for failing to decide a matter that was not before it.

For the foregoing reasons, the trial court's orders are affirmed in their entirety. Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4397-17T1